T 212.752.5455   F 917.210.3980

 HAGENS BERMAN

Nathaniel A. Tarnor
Of Counsel
**HAGENS BERMAN SOBOL SHAPIRO LLP**
555 FIFTH AVENUE, SUITE 1700
NEW YORK, NY  10017
www.hbsslaw.com

**nathant@hbsslaw.com**

January 5, 2021

<u>**Via ECF and E-Mail**</u>
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:     *Stansell vs. FARC*, 1:16-mc-00405-ALC
        *Pescatore v. Palmera Pineda* & FARC, No. 18-mc-00545-ALC
        ***Plaintiffs' Opposition to Caballero Letter Requesting Pre-Motion Conference***

Dear Judge Carter:

Plaintiffs respectfully oppose the Antonio Caballero ("Caballero") letter request, *Stansell/Pescatore* ECF Nos. 124/51, for a pre-motion conference to file a motion to intervene under Fed. Rule Civ. P. 24(b). Caballero alleges that he is an adverse claimant to the Petrocedeno, S.A. blocked account held by Sumitomo Mitsui Banking Corp. ("SMBC").  The requested motion to intervene is improper as a matter of law.

*First*, "the law has various mechanisms for determining priority among competing judgment creditors, making it unnecessary for parties to intervene in each other's cases to litigate their entitlement to certain assets." *Doe v. Ejercito De Liberacion Nacional*, No. 10-CV-21517, 2013 WL 8170186, at *3 (S.D. Fla. June 17, 2013) (denying FARC judgment creditors efforts to intervene because "economic interest" in blocked assets not protectable interest justifying intervention).  Judgment creditors do not have a legally protectable interest that may be impaired if the judgment creditors are not allowed to intervene as of right in pending litigation. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (holding that a judgment creditor's "allegedly impaired ability to collect judgments . . . does not, on its own, support a right to intervention. To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded."); *Gould v. Alleco, Inc.*, 883 F.2d 281, 285 (4th Cir. 1989) (affirming a district court's denial of motion to intervene when the potential intervenors argued that they had "a superior interest" in the defendant's assets and their ability to collect on potential judgment claims against the defendant would be impaired if the pending litigation proceeded without them); *Almengor v. City of Jacksonville*, 2011 WL 4113679, at *2 (M.D. Fla. Sept. 15, 2011) (denying judgment creditor's motion to intervene because he did not possess a significant protectable interest, and noting that "federal case law is uniform in denying the intervention efforts of judgment creditors, even where real property is the subject of the action and the judgment creditor has a direct interest in that real property.").

January 5, 2021
Page 2

Indeed, Caballero previously tried to intervene in Florida—making the identical argument made here—but the district court denied his motion and found that all Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a), damages are recoverable under TRIA. *See Stansell v. FARC*, SDFL Case 19-cv-20896, ECF No. 480 (S.D. Fla. Aug. 17, 2020); 2020 WL 4692748, *1 (S.D. Fla. July 16, 2020).[1]

*Second*, intervention must be denied where a competing creditor is attempting to exploit the enforcement efforts of other creditors. *See In re 650 Fifth Ave. and Related Properties*, 08-cv-10934 (LAP), 2020 WL 1124767, at *7 (S.D.N.Y Mar. 6, 2020) (denying intervention because the intervention would unfairly take advantage of the effort expended by others). Here, the *Stansell/Pescatore* Plaintiffs have devoted significant efforts and resources to uncovering the FARC's hidden agency and instrumentality network. Caballero should not be provided with an opportunity to benefit from this privileged work product. Moreover, he has already recovered approximately $6 million based on void judgments, as noted below. These assets would have otherwise been recovered by American terrorism victims, which are protected by American law. *See, e.g.,* 28 U.S.C. § 1605A(a)(2)(ii) (allowing lawsuits against terrorism defendants only if "the claimant or the victim was, at the time . . .a national of the United States").

*Third*, "'futility is a proper basis for denying a motion to intervene.'" *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 19-CV-11285 (KMK), 2020 WL 5667181, at *7 (S.D.N.Y. Sept. 23, 2020) (citation omitted). Caballero's underlying default judgments are fundamentally flawed and the issuing courts lacked jurisdiction. As such, they are void and unenforceable and his intervention should be denied. Specifically, his ATA judgment was based entirely upon a Florida state court's factual findings in his 2014 state court default judgment under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350.  The federal district court that entered Caballero's ATA judgment did not mention, let alone explain, the basis for its putative exercise of personal jurisdiction over the defendants. *See Caballero v. FARC*, No. 18-cv-25337-KMM, ECF No. 62 (Order on Motion for Default Judgment). Nor did Caballero's motion for default judgment against the FARC even attempt to show that the federal court had personal jurisdiction over the FARC – that motion entirely failed to mention, much less demonstrate, personal jurisdiction. *See Caballero*, No. 18-cv-25337-KMM, ECF No. 58.

---

[1] Mr. Caballero's suggestion that Plaintiffs failed to disclose "other proceedings" is incorrect, Plaintiffs sought expeditious ruling to protect their judgment lien priority from other potential creditors.  Similarly, Mr. Caballero's representation that there is a pending appeal "regarding the status of [Plaintiffs'] collections" is inaccurate.  The appeal is from the *denial of Mr. Caballero's efforts to intervene* in the SDFL action where he made the same argument made here that Plaintiffs' entire judgment is not collectible under TRIA. 11th Cir. Case No. 20-13102.

January 5, 2021
Page 3

Caballero made no effort to show that the Florida federal court had personal jurisdiction over the defendants because he *cannot* do so: FARC is a foreign entity that is not "at home" in the United States for the purposes of general personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014). Nor is there any colorable basis for exercise of specific jurisdiction over the FARC for its mistreatment of Caballero. All of the events for which Caballero brought suit took place entirely outside of the United States, long before Caballero acquired United States citizenship almost two decades after his father's murder. Caballero's action arose from a tort committed exclusively on foreign soil, against an alien plaintiff, by alien defendants, which had absolutely nothing to do with the United States. Specific jurisdiction is, therefore, clearly absent, and Caballero misses the point about his lack of U.S. national status at the time of the murder. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (due process demands that "the defendant's *suit-related conduct* must create a substantial connection with the forum State.") (emphasis added); *Bristol-Myers Squibb Co. v. Superior Court of California*, ___ U.S. ____, 137 S. Ct. 1773, 1780 (2017) (to exercise specific jurisdiction consistent with due process "the *suit* must arise out of or relate to the defendant's contacts with the *forum*.") (quotation marks and ellipses omitted) (emphasis in the original). Unlike the Stansell/Pescatore Plaintiffs, Caballero was not specifically targeted as an American victim, and his judgment is void. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008) ("Voidness of a judgment for lack of personal jurisdiction can be asserted on a collateral challenge after entry of a default judgment."); *Graciette v Star Guidance, Inc*., 66 F.R.D. 424, 426 (S.D.N.Y. 1975) (void judgment subject to attack when its validity becomes an issue).

These flaws, combined with many other jurisdictional errors in his underlying judgments, make it futile and fundamentally unfair for Caballero to now attempt to interfere with the collection efforts of terrorism victims that were Americans at the time of their attacks. *See, e.g., Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386, 1407 (2018) (holding Alien nationals had no right to sue a foreign organizational entity in U.S. courts); *Cardona v. Chiquita Brands Intern., Inc*., 760 F.3d 1185, 1188 (11th Cir. 2014) (holding the ATS could not be used to redress terrorism that occurred in Colombia because "neither this court nor the district court has jurisdiction over the action").

*Finally*, Caballero's intervention should be denied based on futility because the *Stansell/Pescatore* Plaintiffs obtained priority over the relevant assets on December 16, 2020 when this Court entered its order and the writs were obtained and delivered to the Court's appointed process server *on the very same day*. Under the applicable law, this created judgment lien priority over Caballero's Texas state court writ that he concedes was obtained the following day on December 17, 2020, and it is superior to any restraining notice that Caballero may have obtained in New York state court, irrespective of any other potential jurisdictional flaws. *See* 18 U.S. Code § 2338 ("The district courts of the United States shall have exclusive jurisdiction over an action brought under this chapter.").

Respectfully,

/s/ Nathaniel A. Tarnor