**ZUMPANO PATRICIOS & POPOK**

417 Fifth Avenue | Suite 826
New York, New York 10016
Ph: (212) 381-9999
www.zplaw.com

February 10, 2021

**Via ECF and E-Mail**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:    *Pescatore v. Palmera Pineda*, No. 18-mc-00545-ALC (the "Pescatore Action")
              *Stansell v. FARC*, No. 16-mc-00405-ALC (the "Stansell Action")

Dear Judge Carter:

Because the Stansell/Pescatore plaintiffs misstate the facts and procedural posture in their February 8, 2021, letters (Stansell Action, ECF No. 175) (Pescatore Action, ECF No. 92), thus introducing inefficiency into this Court's consideration of the actions, we provide this letter to clarify facts and threshold legal issues in order to facilitate decision by the Court.

The Stansell/Pescatore plaintiffs wrongly assert that Caballero has not attached the same accounts as the Stansell/Pescatore plaintiffs and therefore has not or will not be joined by the financial institution garnishees ("Garnishees")[1] in actions to decide competing claims. As described below, Caballero, Stansell, and Pescatore have attached accounts held by the very same Garnishees, and the Garnishees have commenced or are in the process of commencing proceedings to adjudicate such claims.[2]

The Garnishees' actions will permit decision of a common, threshold issue so that the Garnishees may comply with Section 201(a) of the Terrorism Risk Insurance Act ("TRIA").

---

[1] The Garnishees include Sumitomo Mitsui Banking Corp. ("SMBC"), Citibank, N.A. ("Citibank"), Equiniti Trust Company ("Equinity"), and Interactive Brokers LLC ("Interactive Brokers").

[2] *See* Interactive Brokers LLC's Notice and Claim for Determination of Disputed Property and Counterclaims and Third Party Complaint, *Caballero v. FARC et al.*, Case No. 20-cv-1939 (D. Conn.), ECF No. 59, 64, respectively. Garnishees, whose assets are located in the Southern District of New York, will be commencing similar actions before this Court. *See* Letter Motion for Conference filed by several Garnishees (Stansell Action, ECF No. 167).

February 10, 2021
Page 2

### *Summary of the Threshold Legal Issue*

TRIA allows for the collection from blocked assets "<u>to the extent</u> of any compensatory damages." TRIA therefore contemplates that a terrorism judgment holder may obtain more than a compensatory damage award, including punitive or treble damages, but limits collection from blocked assets "to the extent of any compensatory damages." The statute does not limit collection of non-blocked assets beyond "compensatory damages." TRIA thus limits collection of blocked assets "<u>to the extent</u> of any compensatory damages," despite the Anti-Terrorism Act ("ATA") provision for treble damages (three times a plaintiff's actual damages). *See* 18 U.S.C. § 2333(a) (providing that the victim "shall recover threefold the damages he or she ***sustains***.") (emphasis added).

When requesting entry of their original judgment in the Middle District of Florida, the Stansell plaintiffs acknowledged that an award under the ATA has a compensatory component and a punitive component. They noted that the damages awarded under the ATA serve a "deterrent purpose," an admission that the ATA's treble damages are, not only compensatory damages to be multiplied by three, but also punitive. *See* ECF No. 228 at 50, Case No. 09-CV-2308 (M.D. Fla) (hereinafter "Stansell M.D. Fla. Action"). The Stansell plaintiffs' request for an award of damages also acknowledged that only a component of an ATA award is compensatory. They requested a "compensatory damage award . . . [which] must ***then*** be trebled pursuant to 18 U.S.C. § 2333" (*id.* at 54) and "awards of compensatory damages to each surviving son . . . trebled . . . under the ATA" and awards to "four surviving children . . . with each award ***then*** subject to trebling under § 2333(a)." *Id.* at 57 (emphasis added).

Judge Lazzara of the United States District Court for the Middle District of Florida clearly laid out his calculation of compensatory damages, which came to $106,010,000 for actual damages sustained by the Stansell Plaintiffs. *See* ECF No. 232 at 9, Stansell M.D. Fla. Action. Pursuant to the ATA, he ordered entry of a treble damages award of $318,030,000. *Id.* Thereafter, the Clerk of the Court—not the Judge—entered a Default Judgment (prepared by counsel for the Stansell Plaintiffs) that uses the phrase "compensatory damages" when describing each of the awards that total $318,030,000. The Clerk's use of such language does not convert the non-compensatory components of a Judge's trebled damage award into compensatory damages.

This issue is on appeal to the Eleventh Circuit Court of Appeals,[3] as part of Caballero's appeal of an order denying as moot his motion to intervene because the federal judge in the Southern District of Florida had already overruled terrorist parties' objections to Stansell/Pescatore collecting more than their $106 million compensatory damage award.[4] The same issue will be before this Court and then likely appealed to the Second Circuit.

---

[3]  *See Caballero v. Stansell, et al.,* No. 20-13102 (11th Cir. 2020).

[4]  It appears that the same terrorist parties also requested that a successor Judge to Judge Lazzara amend the approximately ten-year-old judgment entered by the Clerk of Court and has appealed the denial of such request to the Eleventh Circuit. *See* ECF No. 1205, 1215, 1220, 1222, Stansell M.D. Fla. Action.

MIAMI | CHICAGO | NEW YORK | SALT LAKE CITY

Zumpano Patricios Satellite Offices:
ARGENTINA | BAHAMAS | BRAZIL | CHILE | COSTA RICA | CZECH REPUBLIC
DOMINICAN REPUBLIC | FRANCE | GERMANY | INDIA | ITALY | KEY WEST | MEXICO | PANAMA | POLAND | SPAIN

February 10, 2021
Page 3

### *Caballero and Stansell/Pescatore have overlapping writs of execution*

Caballero disagrees that Stansell/Pescatore have priority with respect to any of the below assets. Each interpleader proceeding will decide whether Stansell/Pescatore may collect more than their base compensatory damages and the order in which liens were perfected.

**SMBC:** Caballero, Stansell, and Pescatore have attached the same blocked assets held by SMBC within the Southern District of New York. SMBC has indicated that it will file a single interpleader to have all the competing interests decided. As SMBC will make Caballero a party to such proceeding, there is no need for Caballero to intervene in the Stansell/Pescatore collection action against SMBC.

**Citibank:** Citibank blocked assets include: (i) the Bello blocked accounts currently being litigated before your Honor (which Caballero has attached[5] and are included in Bello's removal action before your Honor, Case No. 20-cv-11061); (ii) the Aceites y Solventes Venezolano, Venfleet Asphalt, Ltd., and Petro San Felix blocked assets (which Caballero has attached); (iii) the Banco de Venezuela blocked assets (which Caballero has not attached); (iv) and, approximately seven other accounts, which have been attached by Caballero, but not by Stansell/Pescatore. Citibank also will commence interpleader actions to decide competing claims and likely will do so in the Southern District of New York after verifying that all such blocked assets are located within this judicial district. Interpleader actions will make intervention unnecessary.

**Equiniti:** Caballero, Stansell, and Pescatore have attached the same blocked assets. Caballero attached such blocked assets in Minnesota, where the blocked accounts are held and, therefore, where attachment must be made and priority litigated. Conversely, Stansell/Pescatore have attached such blocked assets in the Southern District of New York. Discussions with counsel for Equiniti have not yet occurred, but an interpleader action likely will be filed with the location to be determined based on the situs of the assets given the *in rem* nature of the proceedings.

**Interactive Brokers:** Litigation of claims to the Interactive Brokers blocked assets is proceeding in Connecticut pursuant to Connecticut General Statute § 52-356c before the Court that "has, and has exercised, jurisdiction over [the blocked] assets." (Stansell Action ECF 162 at 2.) This Court appropriately terminated the turnover motions before it, and there is nothing further for the Court to do with regard to Interactive Brokers.

Respectfully Submitted,

| /s/ Joseph I. Zumpano | /s/ Nicholas Rostow | /s/ Leon N. Patricios |
|---|---|---|
| Joseph I. Zumpano | Nicholas Rostow | Leon N. Patricios |

cc: Counsel of Record

---

[5]   The Bello blocked accounts have been attached by Caballero pursuant to a writ authorized by another Judge in this judicial district, specifically the Honorable Judge Nathan in *Caballero v. FARC, et al.,* Case No. 20-mc-00249-AJN.

MIAMI | CHICAGO | NEW YORK | SALT LAKE CITY

Zumpano Patricios Satellite Offices:
ARGENTINA | BAHAMAS | BRAZIL | CHILE | COSTA RICA | CZECH REPUBLIC
DOMINICAN REPUBLIC | FRANCE | GERMANY | INDIA | ITALY | KEY WEST | MEXICO | PANAMA | POLAND | SPAIN