March 11, 2021

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Pescatore et al. v. Palmera Pineda et al.* Case No. 18-mc-0545-LGS
*Stansell et al. v. FARC et al.* Case No. 16-mc-405-LGS (Related Case):
**Joint status letter pursuant to Order Dkt. No. 96**

Dear Judge Schofield:

### *1. Brief statement of the nature of the case*

The Pescatore plaintiffs are the widow, four children, and other family members of Frank T. Pescatore, Jr., an American geologist who was kidnapped by the FARC terrorist organization while he was working on an energy project in Colombia. After sending ransom demands to his family in the United States, the FARC killed him and left his body in the Colombian jungle. In 2008, pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a), the Pescatore plaintiffs sued the FARC and eventually obtained a judgment for $69 million. The FARC is a designated Foreign Terrorist Organization ("FTO") and the world's largest supplier of cocaine.[1]

In 2018, the Pescatore plaintiffs registered their judgment against the FARC in this district pursuant to 28 U.S.C. § 1963. They now seek turnover of blocked property held by multiple garnishees and belonging to alleged FARC agents or instrumentalities in satisfaction of their judgment pursuant to 18 U.S.C. § 2333(e) and § 201 of the Terrorism Risk Insurance Act ("TRIA"), codified as 28 U.S.C. § 1610 note. Because other victims are also seeking to execute on these same blocked assets, among other reasons, the garnishees will be filing interpleaders to resolve the competing claims and obtain complete discharge of liability. *See Stansell et al. v. FARC et al.*, No. 16-mc-405; *Caballero v. FARC*, No. 1:20-mc-00249; and *Caballero v. FARC*, No. 1:20-cv-11061 (removed by Lopez Bello). The plaintiffs in *Pescatore* and *Stansell* are cooperating based on a joint prosecution and sharing agreement. The plaintiff in *Caballero* is not a party in this case but is seeking to intervene.

Because this case overlaps with *Stansell*, and the parties expect the substantive disputes to be resolved as part of the interpleaders filed or to be filed in the *Stansell* matter, the parties hereby incorporate the joint status letter that was filed in *Stansell* on February 25, 2021 that details the related case history. *Stansell*, No. 16-mc-405, Dkt. No. 187 ("*Stansell* Letter"). The remainder of this letter sets out the unique procedural history of the *Pescatore* case.

---

[1] These statements about the FARC and the merits of the underlying litigation are made only by Pescatore. Garnishees have no information on the factual statements regarding Mr. Pescatore or the FARC and take no position on the legal claims included in this paragraph. Intervenors Lopez Bello and Yakima do not admit or adopt the Pescatore statements of the case or legal positions.

The parties in each turnover vary, but include: (i) the Pescatore plaintiff victims ("Plaintiffs"); (ii) the blocked property owners alleged to be FARC agencies or instrumentalities; and (iii) garnishees Citibank, N.A., Equiniti Trust Company, and Sumitomo Mitsui Banking Corporation (the "Garnishees") and potentially other garnishees. Each turnover motion concerns different factual and legal issues, but the common issues include: (1) whether turnover of the blocked assets complies with all requirements of § 201(a) of TRIA and other authorities; (2) determining lien priority among the competing plaintiff judgment creditors; and (3) determining whether the Garnishees are entitled to discharge in interpleader of all liability.

### 2. Brief statements as to the basis of subject matter jurisdiction and venue

Plaintiffs submit that this Court has subject matter jurisdiction pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333 and § 2338; 28 U.S.C. § 1963; Fed. R. Civ. P. 69(a); § 201 of TRIA; *Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107, 132 (2d Cir. 2016); and *Stansell v. FARC*, 771 F.3d 713, 737 (11th Cir. 2014). Plaintiffs assert that venue is proper here because Garnishees all have their principal place of business operations here in this district, and pursuant to 18 U.S.C. § 2334(a).

### 3. (i) Brief description of motions that have been made and decided

Judge Oetken previously: (i) issued a writ of execution based on his ex parte determination that Lopez Bello and Yakima Trading are each an agency or instrumentality of the FARC "and their blocked assets [at Citibank N.A.] are therefore subject to attachment and execution pursuant to TRIA" [Dkt. No. 7]; and (ii) appointed a special process server to serve the writ on Citibank. [Dkt. No. 7]. Subsequently, Lopez Bello moved to intervene, and the Court granted the intervention on June 12, 2020 [Dkt. No. 11]. On August 17, 2020, Plaintiffs moved for turnover of the blocked assets held at Citibank. [Dkt. No. 24]. Intervenors moved by letter to adjourn the deadlines to respond to the turnover motion and for a status conference to enter a schedule for discovery, and Plaintiffs and Citibank submitted responses. [Dkt. Nos. 28, 29, 33]. The case was then reassigned to Judge Carter as related to *Stansell* and the parties stipulated to adjourn all deadlines to respond to the *Pescatore* turnover motion until a briefing schedule is set by further order of the Court. [Dkt. No. 35].

After this case was reassigned, Judge Carter entered orders granting additional TRIA writs of execution that are nearly identical to those in *Stansell,* based on ex parte determinations that additional Venezuelan entities are agencies or instrumentalities of the FARC. *Compare Pescatore* Dkt. Nos. 40, 58, 57 *with Stansell* Dkt. Nos. 114, 130, 131. Judge Carter also waived pre-motion conferences to file new SDNY turnover motions, which were filed on January 15 and 19. *Compare Pescatore* Dkt. Nos. 45, 60 *with Stansell* Dkt. Nos. 120, 133. On February 5, 2021, Judge Carter entered an order adjourning the deadlines to respond to those additional turnover motions sine die. [Dkt. No. 89]. Judge Carter requested briefing in two stages to address substantive questions raised by the parties in preliminary letters to the Court. The parties have completed briefing on the first stage questions.

### 3. (ii) Brief description of motions that any party seeks or intends to file

In response to Plaintiffs' pending turnover motions, the Garnishees intend to join the *Pescatore* Plaintiffs as adverse claimants in interpleaders that have been or will be filed in *Stansell*. In addition to requesting discovery regarding the basis for the agency or instrumentality allegations, Lopez Bello intends to file dispositive motions (motion to dissolve and/or motion for summary judgment) at the appropriate time to contest the preliminary *ex parte* findings of agency or instrumentality and the entry of final judgment.

### 3. (iii) Brief description of pending motions

On August 17, 2020, the Pescatore plaintiffs moved for turnover to enforce their judgment against the blocked assets of Lopez Bello and Yakima Trading at Citibank. [Dkt. No. 24]. Because this motion overlaps with a similar turnover motion filed by the Stansell plaintiffs (*Stansell* Letter at 3), where the Pescatore plaintiffs had already been joined in interpleader, the Pescatore plaintiffs requested an adjournment "until this Court can determine the most efficient and practical manner to resolve the related cases that are now pending before it." [Dkt. No. 29 at 2]. In response, Citibank also supported a time extension so the Court could resolve these related legal issues in *Stansell* first. [Dkt. No. 33]. On August 25, 2020, this case was reassigned to Judge Carter, and on August 26, 2020, the parties stipulated to adjourn all deadlines to respond to the pending turnover motion until a briefing schedule is entered by further order of the Court. [Dkt. No. 35]. No briefing schedule has been entered on the *Pescatore* turnover motion.

Additionally, like in *Stansell*, Judge Carter granted new motions for issuance of writs for property belonging to several Venezuelans entities deemed to be "agencies or instrumentalities." Several motions for entry of turnover judgment under C.P.L.R. §5225 and 5227 are now pending on these new SDNY writs that are nearly identical to those filed in *Stansell*:

- *Compare Pescatore* Dkt. Nos. 48, 72, 74 (Sumitomo Mitsui Banking Corp.) *with Stansell* Dkt. Nos. 121, 145, 147;
- *Compare Pescatore* Dkt. No. 64 (Equiniti Trust Company) *with Stansell* Dkt. No. 138;
- *Compare Pescatore* Dkt. Nos. 68, 70 (Citibank, N.A.) *with Stansell* Dkt. Nos. 141, 143.

Garnishees, who are only neutral stakeholders with no interest in the funds, intended to respond to the identical turnover motions filed by the Stansell and Pescatore plaintiffs, and competing claims made by Caballero, by filing interpleaders in *Stansell* to join all potential adverse claimants. The Pescatore plaintiffs have no objection to this approach. The Garnishees intend to file responses to the turnover motions that include interpleader relief, but for the reasons explained in the *Stansell* joint letter and in their pending letter request for a conference (*Stansell* Dkt. No. 167), the Garnishees seek clarification regarding how the Court would prefer such relief to be sought. Accordingly, the parties respectfully request a conference to determine the procedure for filing interpleaders and to enter an appropriate scheduling order for resolution of the turnover motions and interpleaders.

### *3. (ii) & (iv) Other Applications Expected from Future Parties*

Putative Intervenor Antonio Caballero has been granted leave to file a motion to intervene. *Pescatore/Stansell* Dkt. Nos. 56/129, 82/162. Mr. Caballero is not currently a party in this action. He has sought an extension of time to file his consolidated motion to intervene depending on whether he is joined as an interpleader defendant. *Pescatore/Stansell* Dkt. Nos. 86/171.[2] It is expected that Mr. Caballero will assert the same issue addressed in the *Stansell* Lopez Bello Phase I briefing: whether Plaintiffs' treble damages are compensatory and fully recoverable under TRIA. Mr. Caballero also seeks to challenge the venue of Plaintiffs' execution as to Equiniti Trust Company, a New York trust company. Garnishee Equiniti has yet to respond to Plaintiffs' motion for turnover. The *Pescatore/Stansell* plaintiffs will challenge Caballero's judgment as void and unenforceable for lack of personal jurisdiction over the FARC because Caballero and his father were alien nationals who were not targeted as Americans.

### *4. Discovery issues*

On August 10, 2020, Lopez Bello requested a "status conference to set dates for discovery and deadlines for dispositive motions at the close of discovery," because it intends to seek discovery, including depositions, from Citibank and other financial institutions. [Dkt. No. 28]. Lopez Bello will also seek discovery from Plaintiffs regarding the basis for their assertion of agency or instrumentality. Plaintiffs contend that there are no disputed issues of fact concerning Intervenors' admitted ownership of the subject blocked account. [Dkt. No. 29]. Furthermore, Plaintiffs assert that Lopez Bello and Yakima are collaterally estopped from challenging their agency or instrumentality status because these issues were already resolved by the Southern District of Florida. [Dkt. No. 25 at 7-10]. Lopez Bello and Yakima dispute that collateral estoppel applies. Citibank opposes any additional discovery sought from Citibank as unnecessary and burdensome, and sought a stay of discovery consistent with the stay of discovery entered in *Stansell* pending resolution of the Phase I briefing. [Dkt. No. 33].

### *5. Computation of damages*

The *Stansell* judgment (8 victims) was entered for $318,030,000 in compensatory damages, and the *Pescatore* judgment (9 victims) was entered for $69,000,000. Pursuant to their Joint Prosecution and Sharing Agreement, there remains outstanding on the combined *Stansell/Pescatore* judgments $266,185,455.63. On January 22, 2021, Antonio Caballero filed an amended writ stating that his original judgment of $140,189,001 had a present outstanding balance of $130,389,067. *Caballero v. FARC*, C.A.D.C. Case 20-cv-7062, ECF 41-2. Lopez Bello disputes that the entire judgment amounts are for "compensatory damages" and therefore, the full amounts are not recoverable from Lopez as a purported agent or instrumentality. Lopez Bello and Yakima also will be requesting a complete accounting of the monies collected and to be collected in these proceedings and others as well as a copy of the "sharing agreement" between the Stansell and Pescatore Plaintiffs.

---

[2] Caballero agrees that when joined as an interpleader defendant, his motion to intervene will be moot. Dkt. No. 86.

### 6. A statement of procedural posture and upcoming deadlines

As noted above, the Citibank/Lopez Bello turnover motion, [Dkt. No. 24], has been adjourned by stipulation, has not been fully briefed, and no scheduling order has been entered. Citibank, however, did file an amended interpleader pleading in *Stansell* that joins the *Pescatore* plaintiffs as parties, *Stansell*, No. 16-mc-405, Dkt. No. 93, and a turnover motion related to those assets had already been fully briefed in *Stansell* in the Southern District of Florida, and supplemental briefing on the Phase I issues was completed in this District by August 2020. Recently, Caballero served Citibank with a writ of execution relating to the same account and Citibank intends to amend its interpleader claims to join the *Caballero* plaintiff.

The *Pescatore/Stansell* plaintiffs represent that the blocked account owners on the new SDNY writs were provided statutory notice of levy in compliance with CPLR 5232(c), and separate notice of the turnover motions in compliance with CPLR 5225/5227. The Local Rule deadlines for the account owners to respond to these turnover motions passed on or before February 2, 2021. Plaintiffs agreed to extend the deadlines to respond to those motions until February 12, 2021, and on February 5, the Court entered an order adjourning all deadlines sine die. [Dkt. No. 89]. On February 17, 2021, Judge Carter was no longer assigned to this case.

### 7. Status of settlement discussions

The *Pescatore/Stansells* and Caballero settled an interpleader previously in Florida, but settlement discussions are premature here pending the filing of interpleaders. There have been no settlement discussions with Garnishees. Lopez takes the position that Settlement discussions with blocked parties and/or Garnishees are prohibited because of the OFAC sanctions and governing regulations.

Respectfully,

/s/ Nathaniel Tarnor, for Pescatore Plaintiffs
/s/ Craig Cagney, for Citibank, N.A. (excluding Banco de Venezuela, S.A. interpleader)
/s/ Jeffrey Scott and Kerri Chewning, for Intervenors Samark Jose Lopez Bello & Yakima Trading Co.