UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 18-mc-00545

JOHN PESCATORE,

    Plaintiff,

vs.

JUVENAL OVIDIO RICARDO
PALMERA PINEDA a/k/a CRISTO
REY MARISCAL PERALTA a/k/a
SIMON TRINIDAD, FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA,
a/k/a FARC a/k/a REVOLUTIONARY
ARMED FORCES OF COLUMBIA
et al.,

    Defendants.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## THIRD-PARTY DEFENDANTS' MOTION TO UNSEAL

Third-Party Defendants Ministerio del Poder Popular de Economía, Finanzas y Comercio Exterior (Venezuela's "Ministry of Finance"); Banco de Venezuela S.A., Banco Universal ("Banco de Venezuela"); Banco Bandes Uruguay, S.A. ("Bandes Uruguay"); Bicentenario del Pueblo, de la Clase Obrera, Mujer y Comunas, Banco Universal, C.A. ("Banco Bicentenario"); Petrocedeño, S.A. ("Petrocedeño"), which is an affiliate of Petróleos de Venezuela, S.A. ("PDVSA"); and Aceites y Solventes Venezolanos Vassa, S.A., Venfleet Asphalt, Ltd., Petro San Felix, S.A., Venezuelan Heavy Industries, C.A., and Petrowarao, S.A, collectively the "Defendants," respectfully submit this Memorandum in Support of Defendants' Motion to unseal

{00221081. 1 }

specified documents (the "Motion to Unseal"). The Third-Party Defendants request that the Court unseal the following documents:[1]

- (1) Plaintiffs' Motion for Writ of Execution (Doc. No. 37);
- (2) Order Granting Motion for Writ of Execution (Doc. No. 40);
- (3) Plaintiffs' Motion for Writ of Execution (Doc. No. 46);
- (4) Order Granting Motion for Writ of Execution (Doc. No. 58);
- (5) Motion for Writ of Execution Against Garnishee (Doc. 85)
- (6) Order Granting Motion for Writ of Execution (Doc. No. 91).

It is well settled that the public is presumed to have access to federal court records and judicial documents. *See, e.g.*, *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Yet the Third-Party Defendants cannot view certain *ex parte* motions and orders in this proceeding that are still under seal. *See* Doc. Nos. 119, 130, 166, and 176. These sealed documents (incorrectly and without evidence) label the Third-Party Defendants "agencies or instrumentalities" of the Fuerzas Armadas Revolucionarias de Colombia ("FARC"), a determination that carries "drastic results" and "undeniably implicates due process concerns." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 726 (11th Cir. 2014) ("Because an agency or instrumentality determination carries drastic results—the attachment and execution of property—it undeniably implicates due process concerns."). Consistent with due process, the Third-Party Defendants must have access to the documents at issue to refute the erroneous allegations against them and take appropriate measures to preserve and protect their alleged assets.

---

[1] To be clear, the Third-Party Defendants do not consent to jurisdiction in this Court and reserve all rights, defenses, privileges, and immunities, including, but not limited to, lack of jurisdiction, lack of service of process, and defective service of process.

Moreover, Plaintiffs claim to have satisfied the purported purposes for which Plaintiffs requested that these documents be sealed. In their Motions to Seal, Plaintiffs only requested a "temporary sealing" for a period of thirty (30) days. *See* Doc. Nos. 110, 115 (emphasis in original). According to Plaintiffs, the sole purpose of sealing the documents at issue was to "perfect Plaintiffs' judgment lien priority under New York law" and "prevent a competing judgment creditor . . . to race to a different court to use Plaintiffs' work product to try and effect an earlier levy before Plaintiffs do." *Id.* Plaintiffs further explained that they "only request a temporary sealing sufficient to allow the Orders & Judgments Clerk to issue the subject writ of execution, for Plaintiffs to serve and levy the writ on the garnishee, file the affidavit of service and certify compliance with the CPLR § 5232(c) notice of levy provision." *Id.*

As an initial matter, the Third-Party Defendants disagree that it was necessary or appropriate to have ever conducted these proceedings *ex parte* and under seal. But, in any event, whatever purpose Plaintiffs sought to achieve by sealing these documents, that purpose no longer exists. This Court issued the operative writs of execution on January 7, 2021, and February 8, 2021, respectively. S*ee* Doc. Nos. 130, 176. Plaintiffs then served the writs on garnishees Equiniti Trust Company and Citibank, N.A., and the garnishees have since filed Interpleader Complaints, naming the movants here and competing judgment creditor Antonio Caballero as third-party defendants.[2] *See* Doc. Nos. 208, 225, 280. Accordingly, the concern of judgment lien priority is no longer a basis to have documents remain under seal. Instead, the paramount consideration here is due process for the Third-Party Defendants. Simply put, due process requires the above-

---

[2] While Plaintiffs subsequently filed affidavits of service claiming to have also served the Third-Party Defendants with the *ex parte* motions and orders, *see* Doc. Nos. 244, 247, the Third-Party Defendants maintain that Plaintiffs' purported "service" is void and ineffective for a number of reasons, including that it fails to comply with Rule 4 of the Federal Rules of Civil Procedure.

referenced documents be unsealed to allow the Third-Party Defendants to defend themselves and their purported assets in this action. *See United States v.* Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) (the weight of the common law presumption in favor of public access to court records is strongest for "matters that directly affect an adjudication.").

WHEREFORE, the Third-Party Defendants respectfully request that this Court enter an Order unsealing the following docket entries: (1) Doc. No. 119; (2) Doc. No. 130; (3) Doc. No. 166; and (4) Doc. No. 176, and any other and further relief the Court deems just and proper.

Dated:  December 8, 2021                                  Respectfully submitted,

                                                          s/Marcos Daniel. Jiménez
                                                          Marcos Daniel Jiménez
                                                          New York Bar No. 4881736
                                                          **Marcos D. Jiménez, P.A.**
                                                          255 Alhambra Circle, 8th Floor
                                                          Miami, Florida 33134
                                                          Tel: 305-772-6026
                                                          Email: mdj@mdjlegal.com

                                                          *Counsel for Ministerio del Poder Popular de Economía, Finanzas y Comercio Exterior; Banco de Venezuela S.A., Banco Universal; Banco Bandes Uruguay, S.A.; Banco Bicentenario del Pueblo, de la Clase Obrera, Mujer y Comunas, Banco Universal C.A; Petrocedeño, S.A.; Aceites y Solventes Venezolanos Vassa, S.A.; Venfleet Asphalt, Ltd.; Petro San Felix, S.A.; Venezuelan Heavy Industries, C.A.; and Petrowarao, S.A.*