UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 18-mc-00545

JOHN PESCATORE,

    Plaintiff,

vs.

JUVENAL OVIDIO RICARDO
PALMERA PINEDA, et al.,

    Defendants.

vs.

CITIBANK, N.A. and EQUINITI TRUST COMPANY,

    Third-Party-Plaintiff
    Garnishees,

vs.

KEITH STANSELL, et al.,

    Third-Party-Defendant
    Adverse Claimants.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF
THIRD-PARTY-DEFENDANT MINISTERIO DEL PODER POPULAR
DE ECONOMÍA Y FINANZAS'S RENEWED AND UPDATED MOTION TO DISMISS
INTERPLEADER COMPLAINT WITH PREJUDICE AND TO VACATE EX PARTE
<u>ORDERS GRANTING WRITS OF EXECUTION FOR LACK OF JURISDICTION</u>**

Pursuant to Rules 12(b)(1), (2), (4), (5), and (6), Rule 55(c), and Rule 60(b) of the Federal Rules of Civil Procedure, Third-Party-Defendant Ministerio del Poder Popular de Economía y Finanzas (Venezuela's "Ministry of Finance" or the "Ministry") respectfully submits this memorandum of law in support of its Renewed and Updated Motion to Dismiss Interpleader Complaint (*Stansell* ECF No. 280) (the "Citibank Interpleader") With Prejudice And Vacate Ex Parte Orders Granting Writs of Execution (*Stansell/Pescatore* ECF Nos. 176/91) For Lack Of Jurisdiction.[1]

## INTRODUCTION

The Ministry of Finance is a political subdivision of the Republic of Venezuela. In related cases, two competing creditor groups seek to execute against the assets of the Ministry: (1) Antonio Caballero, and (2) the *Stansell/Pescatore* Plaintiffs (together with Caballero, "Plaintiffs"). Plaintiffs do not have a judgment against either the Republic of Venezuela or the Ministry.

Plaintiffs previously obtained default judgments against the Fuerzas Armadas Revolucionarias de Colombia ("FARC"), whose designation as a Foreign Terrorist Organization and as a Specially Designated Global Terrorist pursuant to Executive Order 13224, as amended, was revoked by the State Department on November 30, 2021. There is no allegation or evidence that the Ministry had any involvement in the underlying conduct that led to the Plaintiffs' default judgments, and the Plaintiffs did not seek any relief against the Ministry in those cases.[2] Instead,

---

[1] The Ministry incorporates the memorandum filed in support of its initial Motion to Dismiss Interpleader Complaint and Vacate Ex Parte Orders Granting Writs of Execution for Lack of Jurisdiction (*Pescatore* ECF No. 160).

[2] Caballero first obtained a default judgment against the FARC in Florida state court on November 18, 2014, and later obtained a default judgment in the Southern District of Florida on May 20, 2020. The *Stansell/Pescatore* plaintiffs obtained their default judgments on June 15, 2010 (Middle District of Florida) and November 1, 2018 (District of Columbia), respectively.

in some instances many years later, the Plaintiffs commenced judgment enforcement proceedings against the Ministry's assets under the Terrorism Risk Insurance Act of 2002 ("TRIA"), based on conclusory, hearsay-ridden, and wholly unsupported allegations that the Ministry is an "agency or instrumentality" ("A/I") of the FARC.

To be clear, neither the Ministry nor the Republic of Venezuela or any of its agencies or instrumentalities have any connection with the FARC. The foreign policy implications and consequences of any determination that the Ministry or any other Venezuelan political subdivision is an "agency or instrumentality" of a formerly designated terrorist organization are obvious. Moreover, the Republic of Venezuela has not been designated by the U.S. State Department as a state sponsor of terrorism, and the U.S. has not issued any sanctions against Venezuela or its agencies and instrumentalities based on any connection with the FARC or any other similar organization.

The Court should grant the instant motion to dismiss the Citibank Interpleader with prejudice and vacate the Court's previous ex parte orders for three reasons. First, the Court lacks subject matter jurisdiction over this matter because the Ministry is immune from prosecution under the Foreign Sovereign Immunities Act ("FSIA"). Second, the Court lacks personal jurisdiction over the Ministry because the service provisions of the FSIA apply, and the Ministry has not been properly served under the FSIA. Third, Plaintiffs failed to meet the requirements of TRIA.

## PROCEDURAL HISTORY

Specifically, there are three related actions that purportedly involve the Ministry's assets: (1) *Caballero v. FARC*, No. 20-mc-40 (W.D.N.Y.) ("*Caballero* WDNY Action"); (2) Caballero's subsequent action in this Court, *Caballero v. FARC*, No. 20-mc-249 (S.D.N.Y.) ("*Caballero* SDNY Action"), and (3) the instant *Stansell/Pescatore* cases. Citibank has filed an interpleader

complaint involving the Ministry's purported assets only in the *Stansell* case and not in either *Caballero* action or the *Pescatore* action.

*Caballero* WDNY Action. In January 2021, Caballero sought a writ of execution in his WDNY Action against purported assets of the Ministry held by Citibank based exclusively on a declaration from his purported expert, John Robert McBrien. *See Caballero* WDNY Action, ECF No. 22-24. The WDNY court granted Caballero's *ex parte* motion in a sealed order dated January 29, 2021. *See id.*, ECF No. 33. On February 9, 2021, Caballero served a writ of execution on non-party Citibank. *See id.*, ECF No. 46. Based on publicly available docket entries, Caballero never attempted to serve the Ministry and never sought a turnover order. On July 1, 2023, Caballero attempted to voluntarily dismiss his writ of execution against the Ministry's purported assets at Citibank. *Id.*, ECF No. 139. On July 10, 2023, the court vacated (without prejudice) the writ directed to the Ministry's purported assets at Citibank. ECF No. 144.

*Caballero* SDNY Action. On February 9, 2021, Caballero sought an *ex parte* writ of execution in his SDNY Action against purported assets of the Ministry. *See Caballero* SDNY Action, ECF No. 24. Caballero relied on the *ex parte* order from the Western District of New York. *Id.* at 2-3. On February 18, 2021, Caballero apparently submitted a proposed order issuing the writ. *See id.*, ECF No. 30 (docket entry not viewable to public). It appears that the Court granted Caballero's proposed order on February 19, 2021. Based on publicly available docket entries, Caballero has not attempted to serve the Ministry and has not sought a turnover order in his SDNY action. Citibank appeared on February 23, 2021. *See id.,* ECF Nos. 31, 32. On the same day, Citibank, JPMorgan Chase Bank, N.A., and Sumitomo Mitsui Banking Corporation filed a "Notice of Relatedness" and advised the Court that the *Caballero* SDNY Action is related to the instant case. *See id.*, ECF No. 34. The *Caballero* SDNY Action has been dormant otherwise.

*Stansell/Pescatore* Actions. On February 2, 2021, Stansell sought an *ex parte* writ of execution in the *Stansell* case, alleging that the Ministry is an agency or instrumentality of the FARC, relying on affidavits by Douglas Farah and David Gaddis. *See Stansell v. FARC*, No. 16-mc-405 (S.D.N.Y.), ECF No. 166; Farah Aff., ECF No. 111-3, p. 37, ¶ 63; Gaddis Aff., ECF No. 111-4, p. 21, ¶ 35. On February 8, 2021, on an *ex parte* basis, the Court granted Stansell's motion, declared that the Ministry is an agency or instrumentality of the FARC, and issued the writ of execution to Citibank.[3] *See Stansell* ECF No. 176. On April 9, 2021, Stansell moved for turnover of the Ministry's purported assets.[4] *See Stansell* ECF Nos. 197, 198. On May 3, 2021, Stansell filed a return of service claiming that the writ of execution had been mailed to a purported address for the Ministry in Venezuela on February 12, 2021. *See Stansell* ECF No. 247.

Citibank Interpleader Complaint. On May 26, 2021, Citibank filed its interpleader complaint in *Stansell* and identified the following accounts ostensibly belonging to the Ministry: (1) Account No. 8635, and (2) Account No. 8417. *See Stansell* ECF No. 280. The Plaintiffs answered the Citibank Interpleader and asserted crossclaims against each other. *Stansell* ECF Nos. 301, 310, 318, 328. The Court later entered judgment on the crossclaims. *Stansell* ECF No. 499. In his answer, Caballero admitted that he "has not yet filed a turnover motion with regard to the Blocked Accounts" and "seeks a determination that he alone is entitled to attach and execute upon the subject blocked assets." *Stansell* ECF No. 301 at ¶¶ 13, 51. Caballero has litigated extensively

---

[3] The same process took place in *Pescatore*. ECF Nos. 85, 91 (*Pescatore*). *Stansell* and *Pescatore* are consolidated for interpleader purposes. ECF No. 194 (*Stansell*).

[4] The motion claims that "Citibank's Blocking Report to OFAC states that 'Citibank N.A. holds custody account **4024 for account owner, [MINISTRY OF FINANCE]." *Stansell* ECF No. 198 at 7 (page number in ECF header).

5

in the instant case.[5] Indeed, in this Court the Plaintiffs essentially have proceeded only in the *Stansell/Pescatore* cases and not in the *Caballero* SDNY Action.

Recent Events. On December 21, 2022, the *Stansell/Pescatore* plaintiffs requested a pre-motion conference in advance of voluntarily dismissing their writs of execution against the Ministry's assets and moving for transfer of Caballero's interpleader claims to his SDNY or WDNY action. *Stansell* ECF No. 496 at 1. Under this proposal, Caballero would still be an adverse claimant in the Citibank Interpleader. During a status conference on January 10, 2023, the Court ordered the parties to submit a proposed scheduling order by January 27, 2023.

On January 24, 2023, the Court ordered that the *Stansell/Pescatore* plaintiffs' writs against the Ministry's assets are voluntarily dismissed *with prejudice*, and the February 8, 2021 ex parte orders issuing these writs at ECF No. 176, No. 16-mc-00405, and ECF No. 91, No. 18-mc-00545, are vacated as moot. The Clerk of the Court was respectfully directed to terminate the *Stansell/Pescatore* plaintiffs' April 9, 2021 turnover motions at ECF No. 197, No. 16-mc-00405, and ECF No. 103, No. 18-mc-00545, as moot. The Court did not transfer the "remaining interpleader claims" of Plaintiff Antonio Caballero to his SDNY or WDNY actions as requested by the *Stansell/Pescatore* plaintiffs. Caballero remains an adverse claimant in the Citibank Interpleader.

On January 25, 2023, the Ministry moved to dismiss the Citibank Interpleader with prejudice and to vacate the *ex parte* orders granting writs of execution directed to the Ministry's purported assets at Citibank with prejudice and not just as moot. *Pescatore* ECF Nos. 159, 160 at

---

[5] *See Stansell* ECF Nos. 261–266 (Caballero's answer to various interpleader complaints); ECF No. 397 (Caballero's response to motion to dismiss interpleader complaints filed by subsidiaries of Petróleos de Venezuela, S.A. ("PDVSA")); ECF No. 421 (Caballero's notice of supplemental authority in support of motion to dismiss crossclaims); ECF No. 447 (Caballero's response to Bandes Affiliates' motion to vacate writs of execution and dismiss interpleader complaints).

16 n. 6 (noting that Plaintiffs have cited *ex parte* orders as precedent). As the Ministry explained in its original motion to dismiss and vacate, the Court lacks subject-matter jurisdiction because, among other reasons, TRIA is not an exception to the Ministry's jurisdictional and execution immunity under the FSIA. *Pescatore* ECF No. 160 at 10-16 (ECF page numbers).

On January 27, 2023, Clearstream Banking S.A. filed a motion to dismiss a different interpleader complaint filed by Citibank, which had alleged that Banco de Venezuela may be the ultimate beneficiary of blocked security entitlements held by Clearstream. *Stansell* ECF No. 510, 511. Clearstream made several arguments in its motion, including that: (1) Clearstream is the sole owner of the blocked account, and (2) even if the account belonged to Banco de Venezuela, it would not be attachable under TRIA because Banco de Venezuela would be protected by the Foreign Sovereign Immunities Act ("FSIA"), and TRIA does not waive sovereign immunity. *Stansell* ECF No. 511 at 15–29 (ECF page numbers).

On February 8, 2023, the Court granted in part and denied in part the Plaintiffs' motion for extension of time to respond to the Ministry's motion to dismiss and vacate. *Pescatore* ECF No. 163. Specifically, the Court extended Plaintiffs' deadlines to respond to the Ministry's motion "until 30 days after Citibank perfects service." *Id.* No party has responded to the Ministry's motion to dismiss and vacate, which remains pending.

On June 16, 2023, Citibank filed a status letter asserting that it served the Ministry with its interpleader complaint "via diplomatic pouch on May 18, 2023." *Stansell* ECF No. 525.

*The 9-11 Cases*

On February 21, 2023, in cases considering similar issues, United States District Judge George B. Daniels considered and accepted arguments essentially the same as those advanced by Clearstream and by the Ministry in their respective motions to dismiss Citibank's interpleader

7

complaints in this case—that TRIA does not waive sovereign immunity under the FSIA. *See In re: Terrorist Attacks on September 11, 2001*, No. 01-cv-10132, 2023 WL 2138691 (S.D.N.Y. Feb. 21, 2023), a copy of which is attached as **Exhibit 1**.[6]

Accordingly, the Ministry renews its motion to include discussion of Judge Daniels' opinion. The Ministry asks the Court to dismiss the Citibank Interpleader with prejudice and to vacate the *ex parte* orders granting writs of execution not just as moot but for lack of subject-matter jurisdiction under the FSIA and the other reasons set forth below.

## ARGUMENT

**I. The Court lacks subject-matter jurisdiction in this action because the Ministry is immune under the Foreign Sovereign Immunities Act.**

On February 21, 2023, U.S. District Judge George B. Daniels issued a Memorandum Decision and Order in the 9/11 Cases, 01-CV-10132, ECF No. 103 (S.D.N.Y.) (the "9/11 Cases"), another TRIA proceeding in which various judgment creditors with judgments against the Taliban moved for turnover to satisfy their judgment with Afghanistan's assets in the name of Afghanistan's central bank, Da Afghanistan central bank ("DAB"). *See* Ex. 1. Like in this case, the plaintiffs in the 9/11 Cases sought to execute against the DAB's assets—*i.e.*, the assets of a foreign state's agency or instrumentality—based on the theory that the DAB was an "agency or instrumentality" of the Taliban—a non-sovereign terrorist party.

Prior to Judge Daniels's decision, Magistrate Judge Sarah Netburn had recommended that the court dismiss the enforcement proceedings against the DAB's assets. *See* Report and Recommendation ("R&R"), *In re 9/11* ECF No. 80 (S.D.N.Y. Aug. 26, 2022) (Netburn, J.). In the Memorandum Decision and Order, Judge Daniels adopted the portion of the R&R finding that

---

[6] That decision is currently on appeal before the Second Circuit Court of Appeals. *Havlish, et al. v. Fed. Reserve Bank of N.Y., Garnishee, The Taliban et al., Defendants*, Case No. 23-258. Appellants filed their opening briefs on June 30, 2023. *See id.*, ECF Nos. 116–121.

8

TRIA does not provide subject-matter jurisdiction for purported enforcement proceedings over the assets of an "agency or instrumentality" of a foreign state where the judgment creditor does not have an underlying judgment against that foreign state under the FSIA. *See* Ex. 1 at 2, 10–22 (citing R&R at 12–26).

Judge Daniels reasoned that because the DAB is an "agency or instrumentality of a foreign state" under the FSIA, it enjoys both immunity from jurisdiction and immunity from execution on its property. *Id.* at 10–13. Judge Daniels concluded, "to reach DAB's assets, the Judgment Creditors need exceptions to the FSIA both for the DAB's jurisdictional immunity and execution immunity." *Id.* at 14. The Court further rejected the plaintiff's argument that TRIA nullifies DAB's jurisdictional immunity, agreeing with Magistrate Judge Netburn's view that TRIA's notwithstanding clause "is not a bulldozer that clears every possible legal obstacle between a litigant and their goal." *Id.* at 17 (quoting R&R at 21). Thus, the Court held that "[b]ecause TRIA is an *execution* statute, it does not conflict with the provisions of FSIA that deal with *jurisdictional* immunity, and TRIA fails to provide the jurisdiction over DAB assets that the Judgment Creditors need." *Id.* at 17–18 (emphasis in original).

Judge Daniels also rejected the judgment creditors' arguments that they did not need to overcome DAB's jurisdictional immunity because their action was a purported post-judgment enforcement proceeding. *Id.* at 19-22. This is because TRIA "provides for federal court jurisdiction over execution and attachment proceedings involving the assets of a foreign sovereign *only* where a valid judgment has been entered against the sovereign." *Id.* at 19 (quotations omitted). Thus, Judge Daniels held that judgment creditors "cannot use TRIA to reach DAB's assets because their judgments are against the non-sovereign Taliban—not the sovereign nation of Afghanistan—and Afghanistan has never been designated as a state sponsor of terrorism." *Id.* at 22.

Here, applying Magistrate Judge Netburn's and Judge Daniels's rulings from the 9/11 Cases, the Ministry and its assets are immune from this Court's jurisdiction under the FSIA.[7] *Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 820 (2018); 28 U.S.C. §§ 1330, 1602, 1604, 1609, *et seq*. The Court lacks subject-matter jurisdiction unless a specific exception to FSIA jurisdictional immunity applies. 28 U.S.C. §§ 1604, 1605–1607; *see* 28 U.S.C. § 1330(a) ("The district courts shall have original jurisdiction [] of any nonjury civil action against a foreign state [if] the foreign state is not entitled to immunity under [] sections 1605-1607.").

Plaintiffs have not invoked, because they cannot invoke, any exception to the Ministry's jurisdictional immunity under the FSIA. While the FSIA contains certain terrorism-related exceptions to jurisdictional immunity, those exceptions clearly do not apply here, because there was no act of terrorism in the United States caused by the tortious act of a foreign state or its agents acting within the scope of their employment (28 U.S.C. § 1605B), and because Venezuela has not been designated as a state sponsor of terrorism (28 U.S.C. § 1605A). And while TRIA provides jurisdiction for execution and attachment proceedings against the assets of a foreign sovereign, that jurisdiction is only available if the judgment creditor has a valid judgment "*against the sovereign*." Ex. 1 at 19 (emphasis in original). Here, Plaintiffs do not have a judgment against the sovereign Venezuela. They have a judgment against the non-sovereign FARC. *See Pescatore* ECF No. 1. Thus, the Ministry has jurisdictional immunity and execution immunity over its assets.

For these reasons, the previous *ex parte* orders entered against the Ministry declaring it to be an "agency or instrumentality" of a former terrorist organization should be vacated for lack of

---

[7] Under section 1603(a), a "foreign state" includes any "political subdivision" of a foreign state. It is undisputed that the Ministry falls within this definition.

jurisdiction and not just as moot.[8] Likewise, the Citibank Interpleader should be dismissed with prejudice. *See Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) ("Sovereign immunity is a jurisdictional bar[.]");*Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Pub. Inc.*, 99 F. Supp. 2d 450, 455 (S.D.N.Y. 2000) ("A judgment is void and subject to vacatur if the court lacks subject matter jurisdiction.").

## II. The Court lacks personal jurisdiction over the Ministry.

The Court lacks personal jurisdiction over the Ministry because the service provisions of the FSIA apply to this TRIA action, and the Ministry has not been properly served under the FSIA. It is undisputed that the Plaintiffs have not attempted to serve the Ministry under the FSIA. On this point, the Ministry incorporates the arguments it advanced in its original moving papers. *Pescatore* ECF No. 160 at 16–20 (ECF header page citation).

As to Citibank's interpleader complaint, on June 16, 2023, Citibank filed a letter asserting that it served the Ministry with its interpleader complaint "by diplomatic pouch on May 18, 2023." *Stansell* ECF No. 525. The Ministry, which is based in Caracas, does not recognize the "Presidential Commissioner for Foreign Relations of the Bolivarian Republic of Venezuela"—nor the "National Assembly" that reportedly put forward the "Presidential Commissioner" as an "accredited representative"—that received the diplomatic pouch. In any event, the Court need not

---

[8] This is particularly important because Plaintiffs have cited ex parte "agency or instrumentality" orders as precedent in cases against Venezuelan-government owned entities. Indeed, "Caballero and Stansell/Pescatore repeatedly claim that multiple courts have 'found' that PDVSA and certain of its affiliates are A/Is of the FARC and have relied on McBrien's declarations." *Caballero v. FARC*, No. 20-cv-1939 (D. Conn.), ECF No. 192 (Caballero Opp.) at 35, 37; ECF No. 188 (Stansell/Pescatore Opp.) at 7-8, 16. Like the Court's Orders here, the orders cited by Plaintiffs as precedent were entirely based on *ex parte* submissions, and thus PDVSA and its affiliates did not have notice and an opportunity to be heard in opposition. *Caballero*, No. 20-cv-1939, ECF No. 200 at 14 (D. Conn.).

reach this issue because it lacks subject-matter jurisdiction as explained above and the Citibank interpleader complaint should be dismissed with prejudice for that reason alone.

### III. Plaintiffs have failed to meet the requirements of TRIA.

Even if the Ministry was not entitled to FSIA immunity—and it is so entitled—Plaintiffs have not met and cannot meet their burden to show that the Ministry is an agency or instrumentality of the FARC under the test set out in *Kirschenbaum*. On this point, the Ministry incorporates the arguments it advanced in its original moving papers. *Pescatore* ECF No. 160 at 16-26 (ECF page numbers).

## CONCLUSION

For the reasons stated above, the Court should grant the instant Motion to Dismiss Interpleader Complaint (*Stansell* ECF No. 280) (the "Citibank Interpleader") With Prejudice And Vacate Ex Parte Orders Granting Writs of Execution (*Stansell/Pescatore* ECF Nos. 176/91) For Lack Of Jurisdiction.

Dated: July 17, 2023

Respectfully submitted,

*s/Marcos Daniel Jiménez*
Marcos Daniel Jiménez
New York Bar No. 4881736
**León Cosgrove Jiménez LLP**
255 Alhambra Circle, Suite 800
Miami, Florida 33134
Telephone: 305-570-3249
Email: mdj@mdjlegal.com

-and-

Douglas A. Kellner
**Kellner Herlihy Getty & Friedman LLP**
470 Park Avenue South — 7th Floor
New York NY 10016-6951
Telephone: (212) 889-2121
Email: dak@khgflaw.com

*Counsel for Ministerio del Poder Popular
de Economía y Finanzas*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>*//s// Marcos Daniel Jiménez* (NY 4881736)</u>
Marcos Daniel Jiménez