May 10, 2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/2024

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **Stansell/Pescatore plaintiffs' letter motion to extend the stay in Dkt. No. 534 to PDVSA/BANDES entity interpleaders pending Second Circuit decision in *Havlish***
*Stansell et al. v. FARC et al.* Case No. 16-mc-405-LGS-SN
*Pescatore et al. v. Pineda and FARC*, Case No. 18-mc-545-LGS-SN (Related Case)

Dear Judge Netburn:

On August 2, 2023, the Court ruled that "[t]his case is STAYED with respect to Caballero's collection efforts against the Venezuelan Ministry of Finance pending decision in *Havlish, et al. v. Federal Reserve Bank of N.Y.*, No. 23-258 (2d Cir. Feb. 28, 2023). [Dkt. No. 534]. In light of the issues that have developed in that litigation, Plaintiffs now respectfully request that this Court's August 2, 2023 stay be extended to also include the Venezuelan PDVSA/BANDES subsidiaries in this case. In *Havlish*, the Second Circuit is being asked to decide, among other things, whether terrorism victim judgment creditors of the Taliban (a designated Foreign Terrorist Organization)—which the United States does not recognize as the lawful government of Afghanistan—can conduct TRIA executions on blocked assets of the Afghanistan central bank "DAB." In the district court ruling that is now on appeal in *Havlish*, Judge Daniels invoked FSIA and separation of powers principles in ruling that "judgments against the Taliban are insufficient to reach DAB's assets under TRIA." *In Re Terrorist Attacks*, S.D.N.Y. Case 1:03-md-01570-GBD-SN, Dkt. No. 8866 at pp.19, 26-27.

   I.   *Venezuela PDVSA/BANDES subsidiaries' Interpleaders here*

Currently pending before this Court are several interpleaders that commenced with Judge Carter's December 2020 Orders in the *Stansell/Pescatore* cases [Dkt. Nos. 114/40, 130/58, 131/57]. These interpleaders all involve assets blocked under the Venezuela sanctions program and owned by Venezuelan state-owned entities, including subsidiaries of either PDVSA (Petroleos de Venezuela, S.A.) or BANDES (Banco de Desarrollo Economico y Social de Venezuela). None of these interpleaders are at issue.

Plaintiffs' position remains that FSIA does not apply to the PDVSA/BANDES subsidiaries in these interpleaders. *See* Dkt. Nos. 520, 523. PDVSA and the BANDES subsidiaries disagree, arguing that "[b]ecause Venezuela has not been classified as a state sponsor of terrorism by the U.S. Department of State, and because Plaintiffs have not obtained a terrorism-related judgment against Venezuela itself, Plaintiffs cannot use TRIA to execute on the [PDVSA/Bandes] Affiliates' property." [*See e.g.* Dkt. No. 440 at p.14]. Because the PDVSA/BANDES subsidiaries have taken this position, it now appears to Plaintiffs—who previously opined that the stay entered in Dkt. No. 534 should be limited to the interpleader involving only the Venezuela Ministry of Finance [Dkt.

No. 533]—that the stay should also encompass the PDVSA/BANDES subsidiaries, as the *Havlish* appeal likely will decide that question as a matter of Second Circuit law.

On May 19, 2023, this Court entered an order directing briefing on, *inter alia,* "Do the Third Parties qualify as agencies or instrumentalities of Venezuela as defined in § 1603(b)?" Dkt. No. 519. This Court's September 22, 2023 Order stated that "the Court is reluctant to wade into the Third Parties' relationship to Venezuela. Factual allegations in the complaint suggest that the Third Parties could be agencies or instrumentalities. … The parties have their own conflicting views. At this stage resolving the issue could be premature." Dkt. No. 535 at pp. 6-7. Accordingly, it is apparent that the Second Circuit's upcoming ruling in *Havlish* will likely have a significant impact on the landscape of fact and legal issues facing the parties and this Court, and the interests of judicial economy will best be served by staying the PDVSA/BANDES subsidiary interpleaders until after *Havlish* is decided.

### II.    The Separate Citibank-Lopez Bello Interpleader is already stayed

There is a separate execution proceeding (commenced in January 2019) pending in this action, involving garnishee Citibank, N.A., and blocked assets owned by Samark Lopez Bello and Yakima Trading Corp. Dkt. Nos. 19, 26, 88. This is the only interpleader in this action that is fully at issue. Dkt. Nos. 324 (Citibank Third Amended Answer/Interpleader), 328 (Stansell/Janis Answer), 329 (Six Sis Answer), 335 (Caballero Answer), 347 Lopez Bello/Yakima Answer). <u>This interpleader has already been stayed, and does not involve any Venezuelan state-owned entities or subsidiaries, and the subject assets were blocked under the Foreign Narcotics Kingpin Designation Act sanctions, not the Venezuelan government sanctions program.</u>

Judge Carter's March 10, 2020 Order staying the Citibank-Lopez Bello execution "pending resolution of the outstanding turnover motions in the Southern District of Florida" [Dkt. No. 67] was maintained by Judge Schofield's March 29, 2021 Order. Dkt. No. 196. In late 2022, the Southern District of Florida entered final default judgments against Samark Lopez and his entities and those final judgments are currently on appeal. 11th Cir. No. 22-13798. The Eleventh Circuit heard oral argument on January 24, 2024.

### III.    The letter motion is UNOPPOSED with Respect to All parties except White & Case Who Purport to Represent the PDVSA Subsidiaries

Plaintiffs have conferred with all three garnishees [Citibank, Sumitomo Mitsui Banking Corp. and Equiniti Trust Co.], Clearstream Banking, Mr. Caballero, and counsel for the BANDES subsidiaries who have **all represented that they do not oppose the requested stay as to all of the PDVSA/BANDES subsidiaries' interpleaders**. Therefore this letter motion is **unopposed** as to the two interpleaders involving the BANDES subsidiaries: Dkt. Nos. 208, 225.

Marcos Jimenez, Esq., Leon Cosgrove & Jimenez, has appeared for all of the PDVSA subsidiaries [Dkt. Nos. 361, 425, 505] and has confirmed that the PDVSA subsidiaries do not oppose the requested stay. However, White & Case, who also purport to represent the PDVSA subsidiaries [Dkt. Nos. 295, 426] have advised that: "The PDVSA entities oppose the extension of a stay to them. The enforcement actions have been pending improperly against their property for

over three years and there are no guarantees that the decision pending in Havlish will apply to this action or the PDVSA entities."

Accordingly, the Stansell/Pescatore plaintiffs request entry of an Order extending this Court's stay in Dkt. No. 534 to all proceedings involving the PDVSA subsidiary interpleaders [Dkt. Nos. 227, 234, 236, 238] and the BANDES subsidiary interpleaders [Dkt. Nos.208, 225] pending the Second Circuit's ruling in *Havlish*.[1]

Respectfully submitted,

/s/ Tony Korvick
NEWTON P. PORTER
TONY KORVICK
PORTER & KORVICK, P.A
4000 Ponce de Leon Blvd.
Suite 470
Coral Gables, Florida 33146
Telephone:    (305) 373-5040
tkorvick@porterandkorvick.com

*Attorneys for the Stansell Plaintiffs*

/s/ Nathaniel Tarnor
Nathaniel A. Tarnor
HAGENS BERMAN SOBOL SHAPIRO LLP
68 3rd Street, Suite 249
Brooklyn, New York 11231
Telephone: (646) 543-4992
nathant@hbsslaw.com

*Counsel for the Pescatore Plaintiffs/Judgment Creditors*

---

The request for a stay is granted.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: May 16, 2024
         New York, New York

---

[1] Plaintiffs' current response due date is May 20, 2024 based on this Court's February 8, 2023 Order that the deadline to respond to the motions was "extended until 30 days after Citibank perfects service." [Dkt. No. 516]. Subsequently, Citibank requested additional time to perfect service, which this Court granted on March 25, 2024 [Dkt. No. 538], and Citibank filed its certificates of service on April 19, 2024 [Dkt. Nos. 540-543].