UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KEITH STANSELL, et al.,

                                Plaintiffs,                        16-MC-00405 (LGS)(SN)

                    -against-                                          **ORDER**

REVOLUTIONARY ARMED FORCES OF
COLOMBIA (FARC), et al.,

                                Defendants.
------------------------------------------------------------- X
------------------------------------------------------------- X

OLIVIA PESCATORE, et al.,

                                Plaintiffs,                        18-MC-00545 (LGS)(SN)

                    -against-

JUVENAL OVIDIO RICARDO PALMERA
PIENDA, et al.,

                                Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

On May 16, 2024, the Court granted the Stansell and Pescatore Plaintiffs' ("Plaintiffs") request for a stay. ECF Nos. 551/172.[1] The stay paused the adjudication of various motions made by Petróleos de Venezuela, S.A. ("PDVSA") subsidiaries challenging the Court's December 15, 2020 order, which authorized writs of execution against those PDVSA subsidiaries' assets. Id.; see Order, Dec. 15, 2020, ECF Nos. 114/40. The Court granted the stay pending a decision from the Court of Appeals in Havlish v. Bin Laden, No. 23-258 (2d Cir. Feb. 28, 2023).

---

[1] Unless otherwise noted, all ECF numbers refer first to the Stansell docket, No. 16-mc-00405, and next to the Pescatore docket, No. 18-mc-00545.

Nevertheless, on April 21, 2025, absent any additional orders from the Court and without a decision from the Court of Appeals, the Plaintiffs obtained writs of execution on a "new" account belonging to PDVSA subsidiary Petrocedeño S.A. and held by potential garnishee TCP Petcoke Corp. ECF Nos. 556/176; see Affs. of Service of Writs, ECF Nos. 552/173. They did so "under authority of Judge Carter's original [December 15, 2020] Order . . . which directed the Clerk to issue additional writs as necessary." ECF Nos. 556/176. At issue, then, is the extent of the Court's May 16, 2024 stay—namely, whether it prevents the Plaintiffs from obtaining further writs against newly identified PDVSA-subsidiary accounts.

The Plaintiffs argue that it does not. The May 16, 2024 stay, they contend, applies to "all proceedings involving the PDVSA subsidiary interpleaders and the BANDES [Banco de Desarrollo Economico y Social de Venezuela] subsidiary interpleaders" that had already been filed, but not to "post-judgment execution writs or levies on new blocked accounts . . . that are not the subject of any stayed interpleader." ECF Nos. 556/176 (internal citations removed). At the same time, because "the legal issues and defenses that Petrocedeño S.A. has already asserted" elsewhere in the litigation "will be identical" to those issues and defenses that Petrocedeño S.A. would now assert vis-à-vis the new writs, the Plaintiffs also ask the Court to extend the current stay to foreclose further proceedings related to the new writs. Id.

Petrocedeño S.A. and TCP Petcoke Corp. see the circumstances differently. They argue that the "Plaintiffs' use of the December 15 Order[] to the detriment of Petrocedeño and TCP Petcoke while benefiting from the stay of the motions seeking vacatur of the December 15 Order[] is prejudicial." ECF Nos. 555/175. Accordingly, they ask the Court to "clarify" that the May 16, 2024 stay "prevents Plaintiffs' use of the December 15 Order[] to obtain new writs, including the writs they purported to issue and serve on April 21, 2025, or, if necessary, extend

the stay *nunc pro tunc*, to prevent such use." Id. In the alternative, they request that the Court lift the stay. Id.

The Court agrees with Petrocedeño S.A. and TCP Petcoke Corp. In issuing its stay, the Court simply endorsed the Plaintiffs' request. ECF Nos. 551/172. The Plaintiffs described their sought-after stay in two ways: they asked the Court to (1) "extend[]" an earlier stay "to include the Venezuelan PDVSA/BANDES subsidiaries in this case" and (2) "extend[]" an earlier stay "to all proceedings involving the PDVSA subsidiary interpleaders and the BANDES subsidiary interpleaders." Id. (internal citations removed). In endorsing the Plaintiffs' request, the Court did not distinguish between the two descriptions. The Plaintiffs now rely on only the second description. Of course, under the first, the Plaintiffs would be precluded from obtaining additional writs against any PDVSA subsidiary account, old or new.

More crucially, the stay itself should not help advance unjust outcomes. A stay "simply suspend[s] judicial alteration of the status quo." Nken v. Holder, 556 U.S. 418, 429 (2009) (brackets in original; internal citation omitted). The Plaintiffs wish to capitalize on the stay to alter the status quo—but they cannot have it both ways. The Plaintiffs cannot at once prevent PDVSA's subsidiaries from challenging the Court's December 15 order while simultaneously relying on that order to execute new writs against those very same subsidiaries. In other words, the Plaintiffs cannot use the stay as both a sword and a shield.

Accordingly, it is ORDERED that the May 16, 2024 stay is extended *nunc pro tunc* to prevent the Plaintiffs from obtaining new writs against the PDVSA subsidiaries' assets that are subject to the Court's December 15, 2020 order. ECF Nos. 114/40 (referring to ECF No. 111 at 21, No. 16-mc-00405). The Plaintiffs' April 21, 2025 writs of execution are therefore quashed

until the stay is lifted. Should the Plaintiffs wish to move to lift the stay, they may do so. Until such time, however, the stay and the status quo remain.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 555, 556, No. 16-mc-00405, and ECF Nos. 175, 176, No. 18-mc-00545.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     May 20, 2025
           New York, New York