# Exhibit 2

WHITE & CASE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

November 7, 2025

**VIA ECF**

Hon. Sarah Netburn
Chief United States Magistrate Judge
United States District Court for the
　Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

**Re:** *In re Claims Against the Valero-Petrocedeño Account*, No. 20-mc-249-(LGS)(SN) and related actions as styled at ECF 196

Dear Judge Netburn:

Pursuant to this Court's October 17, 2025 and October 27, 2025 Orders (ECFs 196, 200), White & Case LLP respectfully submits this Reply on behalf of non-parties Petróleos de Venezuela S.A. ("PDVSA"), PDVSA's subsidiaries, the Ministry of Finance, and the BANDES subsidiaries (collectively, the "Venezuelan entities"), to the October 31, 2025 Letter (ECF 203) filed by León Cosgrove Jiménez, LLP and Kellner Herlihy Getty & Friedman LLP ("LCJ/Kellner") purporting to represent the same entities. LCJ/Kellner's Letter fails to rebut that White & Case LLP is the sole counsel appearing pursuant to the authority of the U.S.-recognized government of Venezuela, and therefore the sole counsel authorized to represent the Venezuelan entities in these proceedings.

**I.　LCJ/Kellner's Purported Access To Evidence Does Not Support Their Authority To Represent The Venezuelan Entities**

The central premise of LCJ/Kellner's Letter is that their purportedly superior access to documents and persons in Venezuela somehow requires recognizing them as counsel. *See* ECF 203 at 2–5. Yet authority to represent does not turn on who has access to the most evidence. LCJ/Kellner cite no authority for that proposition, which would perversely permit a usurping entity like the Maduro regime to assume another entity's litigation rights. But authority to represent is not a matter of might-makes-right, and Judge Vilardo in the Western District of New York agrees. *See Caballero v. FARC*, 2021 WL 1884110, at *8 (W.D.N.Y. May 11, 2021) (substituting White & Case for Mr. Jiménez and his co-counsel and noting that factual arguments about *de facto* control of facilities in Venezuela "do[] not affect this analysis").

In any event, LCJ/Kellner overstate the significance of their access. White & Case is fully equipped to defend the assets of the Venezuelan entities in the actions before this Court. It has been doing so in numerous courts for years, without any need for the access that LCJ/Kellner claim they can provide. *See, e.g.*, Order, *Ashburton v. PDVSA*, No. 4:20-cv-2426 (S.D. Tex. filed Sept. 16, 2025), ECF 107 (White & Case obtaining dismissal of all claims). By contrast, the declaration that LCJ/Kellner cite (at 4) as supposedly showing their access is vague and conclusory: Mr. Tovar

**WHITE & CASE**

Hon. Sarah Netburn
November 7, 2025

simply recites facts about Banco Bicentenario's corporate structure and asserts without detail that the entity is not an agency-or-instrumentality of the judgment debtors. *See* Decl. of Sergio Julio Lotartaro Tovar, *Osio v. Moros*, No. 21-cv-20706 (S.D. Fla. filed Oct. 30, 2025), ECF 747-1.

LCJ/Kellner invoke recent events before Magistrate Judge Torres in the Southern District of Florida, where White & Case is actively contesting a wrongful turnover of Petrocedeño's assets. ECF 203 at 3–4. Those proceedings do not show any need for LCJ/Kellner's involvement. *See Stansell v. FARC*, No. 19-cv-20896 (S.D. Fla. Feb. 12, 2019). The October 22, 2025 hearing was originally scheduled as an evidentiary hearing before the plaintiffs withdrew their writs of garnishment, mooting most of the factual disputes. As a result, neither Petrocedeño nor the plaintiffs presented evidence; instead, both sides made legal arguments and asked the court to take judicial notice of facts already in the record. *See* ECF 203-1 at 131:10–18 (Judge Torres noting "there were [previously] other writs . . . . so that's why it's a little different than what I anticipated back when I first set this."). An evidentiary hearing is tentatively set for January. *Id.* at 135:12.

At no point did White & Case resist presenting evidence or evince an inability to do so. Rather, counsel objected to Judge Torres shifting the burden of proof to Petrocedeño, when it properly rested with the plaintiffs. *See id.* at 122:8–17, 127:15–128:4, 132:24–133:5. White & Case counsel's statement that "[w]e don't have all of the information" (*id*. at 134:7–8) did not describe an inability to produce an evidentiary proffer, but instead the fact that there had been no opportunity to take *discovery from Plaintiffs* to "know what we are refuting" (*id*. at 133:7–9) in the context of an *ex parte* turnover order. White & Case then and now remains fully competent to vindicate its clients' interests in these proceedings, and LCJ/Kellner remain free to return any relevant materials belonging to White & Case's clients. *See Caballero*, 2021 WL 1884110, at *6 & n.9.

## II. LCJ/Kellner Fail To Rebut That Only White & Case LLP Was Retained By Representatives Of The U.S.-Recognized Government Of Venezuela

The authority to appoint representation for the Venezuelan entities—and any other entities owned by the Bolivarian Republic of Venezuela—rests solely with the entities created by the 2015 National Assembly for that purpose. Here, those are the Council for the Administration and Protection of Assets ("CAPA") and the Ad Hoc Board of PDVSA. CAPA's authority flows from 2023 Amended Transition Statute, which formed CAPA to assume responsibility for the continued protection of Venezuelan assets abroad. *See* Decl. of Dr. Gustavo Marcano ¶¶ 18–20 (filed Oct. 31, 2025), ECF 204-1 ("Marcano Decl."). White & Case's authority derives from these acts of the legitimate U.S.-recognized government. *See* Marcano Decl. ¶ 20.

The source of LCJ/Kellner's appointment, on the other hand, remains illegitimate for the reasons previously explained, which their recent Letter does not rebut. *See* ECF 204 at 3–4; Reply Br. 8, *Stansell v. FARC*, No. 16-mc-405 (S.D.N.Y. filed Jan. 26, 2022), ECF 434. Instead of producing any authorization from CAPA, LCJ/Kellner invoke (at 2–3) the same previously submitted "authorizations" executed by individuals affiliated with or appointed by the illegitimate Maduro regime. Their Letter refers to the "authorizations" signed by specially designated nationals whose designations arise from their roles supporting the unlawful usurpation of Venezuela. *See* ECF 204 at 3–4; *Stansell v. FARC*, No. 16-mc-405 (S.D.N.Y. filed Jan. 10, 2022), ECF 425-1 at 4, 11.

Hon. Sarah Netburn
November 7, 2025

LCJ/Kellner muddy the water by attempting to draw the Court into an analysis of who "manage[s] and operate[s]" entities such as BDV and BBU on a day-to-day basis. ECF 203 at 2. These entities are owned by the BANDES, a governmental entity created by presidential decree. Marcano Decl. ¶¶ 14, 15, 17. LCJ/Kellner acknowledge as much. ECF 203 at 2–3. Yet LCJ/Kellner are directed by individuals who derive their purported authority from the illegitimate Maduro regime, which the U.S. Executive has de-recognized. *Compare* ECF 203 at 4 (LCJ/Kellner referencing their purported authorization from Mr. Tovar) *with* @NicolasMaduro, X (Aug 28, 2023), https://x.com/NicolasMaduro/status/1696234659527496139 (purporting to appoint Mr. Tovar as the President of Banco Bicentenario); *see also* Democracy Transition Statute art. 10, ECF 204-4 (stating "all acts by the usurping authority" are "null and void").[1]

That such individuals may be improperly directing the "operat[ions]" of BDV and BBU on the ground in Venezuela, ECF 203 at 2, simply "does not affect th[e] analysis" of authority to appoint counsel. *Caballero*, 2021 WL 1884110, at *8. The only case LCJ/Kellner offer in support of this theory is the District of Connecticut's decision in *Caballero v. FARC*, 2022 WL 130924 (D. Conn. Jan. 13, 2022). ECF 203 at 2. In addition to being wrongly decided and pending appellate review, that decision is irrelevant because it rested on an application of Salvadoran law to a joint venture, and there is no Salvadoran entity here. *See* Letter 4, *Stansell v. FARC*, No. 16-mc-405 (S.D.N.Y. filed Sept. 30, 2025), ECF 594.

### III. The Court Must Decline LCJ/Kellner's Invitation To Disregard The Executive's Recognition And Decide A Nonjusticiable Political Question

LCJ/Kellner attempt to minimize the illegitimacy of its appearance with dismissive references to "a purported government-in-exile." ECF 203 at 2. This cannot be squared with the fact that the United States has officially and repeatedly recognized this "government in exile" as the legitimate government of Venezuela. *See* ECF 204 at 2 (collecting authorities). A court may not undertake its "own analysis" of a foreign sovereign's status, where doing so would "effectively withdraw the Executive's legal recognition." *Havlish v. Taliban*, 152 F.4th 339, 355 (2d Cir. 2025). To adjudicate LCJ/Kellner's argument that they have authority to represent any of the Venezuelan entities, this Court would need to conclude that an entity other than the Ad Hoc Board of PDVSA or CAPA controls these entities for the purposes of appointing U.S. litigation counsel. Such a decision is impermissible because it would conflict with "a political decision already made" by the Executive Branch in an area where there is a "demonstrable constitutional commitment of the issue to a coordinate political department." *Baker v. Carr*, 369 U.S. 186, 217 (1962).

By filing this letter, the Venezuelan entities do not waive and expressly preserve all rights, privileges, immunities, and defenses, including as to service of process, and subject-matter and personal jurisdiction.

---

[1] LCJ/Kellner refer to Banco Bicentenario as "Banco Digital de los Trabajadores, Banco Universal C.A." (at 1 n.1)— yet another indication of LCJ/Kellner's true client. In 2019, the Maduro regime attempted to restructure Banco Bicentenario as a different entity owned virtually entirely by the Ministry of Finance. *See* Decl. of Sergio Julio Lotartaro Tovar ¶¶ 2, 5, *Osio v. Maduro*, No. 21-cv-20706 (S.D. Fla. filed Oct. 30, 2025), ECF 747-1. However, this was an invalid act of the Maduro regime that is not recognized by the U.S.-recognized opposition government. As a result, Banco Bicentenario remains under the ownership of BANDES.

WHITE & CASE

Hon. Sarah Netburn
November 7, 2025

Respectfully submitted,

By: *s/ Claire A. DeLelle*
Claire A. DeLelle
Nicole Erb
White & Case LLP
701 Thirteenth Street N.W.
Washington, D.C. 20005
(202) 626-6485
claire.delelle@whitecase.com
nerb@whitecase.com

*Counsel for PDVSA, the PDVSA Subsidiaries and the Venezuelan Financial Entities*

cc:   All counsel of record via ECF